# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>**CEDRIC E. CUNDIFF,**<br><br>**Defendant.** | )<br>)<br>) Case No. 5:26-mj-23 (MJK)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of January 29, 2026, in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1), (b) | Assaulting a federal officer or employee |

This criminal complaint is based on these facts:
See attached affidavit.

☒   Continued on the attached sheet.

_____
*Complainant's signature*
John J. Honan, Special Agent, FBI
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: January 30th, 2026

_____
*Judge's signature*

City and State: Syracuse, NY

Hon. Mitchell J. Katz, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**V.**<br><br>**CEDRIC E. CUNDIFF,**<br><br>**Defendant.** | Case No.  5:26-mj-23 (MJK) |

**AFFIDAVIT IN SUPPORT OF**
**A CRIMINAL COMPLAINT**

I, John J Honan, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of a criminal complaint charging Cedric E. Cundiff ("CUNDIFF") with Assaulting a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b), occurring on January 29, 2026, in Syracuse, NY in Onondaga County, in the Northern District of New York.

2. I am a Special Agent with the Federal Bureau of Investigation and have been since July 2022. I completed the FBI Special Agent Basic Field Training Course at the FBI Academy in Quantico, Virginia, receiving training in federal criminal law, investigative techniques, firearms, defensive tactics, surveillance, interviewing, and intelligence analysis. Since entering the field, I have worked complex investigations including but not limited to narcotics trafficking, firearms trafficking, and other violent crimes.

3. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. The sources of information upon which I rely include Victim 1's

deposition and a review of a body-worn camera recording obtained from a member of law enforcement present during the events described herein.

4. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### FACTS SUPPORTING PROBABLE CAUSE

5. In November 2025, the United States Marshals Service (USMS) of the Northern District of New York received a lead[1] to locate and arrest CUNDIFF. On or about August 21, 2025, The Honorable Michael D. Ricciuti of the Suffolk County Superior Court (Massachusetts), issued a warrant for CUNDIFF's arrest. The arrest warrant pertained to 6 criminal offenses in Massachusetts, including Robbery, Firearm-Armed & Masked (2 counts); Assault with a Dangerous Weapon (2 counts), Possession of Ammunition without FID Card; and Possession of a Firearm without FID card.  The Boston Police Department (BPD) had received a tip that CUNDIFF was staying in Albany or Syracuse.  BPD indicated that CUNDIFF may be staying at 2000 Lodi Street, Apartment B, Syracuse, New York, 13208 (the Subject Residence).

6. On January 29, 2026, members of the USMS Fugitive Task Force went to the Subject Residence in an attempt to locate CUNDIFF.  The Fugitive Task Force is comprised of Deputy US Marshals and deputized Task Force Officers from other law-enforcement agencies,

---

[1] In this context, a "lead" is a request from another law enforcement agency to the USMS for assistance, including executing arrest warrants.

including but not limited to the New York State Police (NYSP). The mission of the Fugitive Task Force is to assist other law enforcement agencies in support of fugitive investigations.

7. Members of the task force knocked on the door of the Subject Residence. A black male who appeared to be in his 60s answered the door. A Deputy US Marshal asked if he was Cedric. The man stated that his name was "William" and then slammed and locked the door.

8. A task force member continued to knock on the door of the Subject Residence. Another individual (Witness 1) answered the door and spoke with members of the task force. Witness 1 rents the Subject Residence with his/her significant other. Witness 1 told the task force members that the man who initially answered the door was "Cedric," and that he was present in the Subject Residence. Witness 1 indicated that Cedric[2] was likely in a bedroom off of the kitchen on the first floor of the Subject Residence.

9. Law enforcement officers approached the bedroom where CUNDIFF was believed to be hiding. The officers shouted commands instructing him to exit the room. The task force members then attempted to open the pocket door to the room and quickly determined that CUNDIFF had barricaded or locked the door in a manner that prevented members of the task force from entering the room.

---

[2] CUNDIFF was later identified as the individual who initially answered the door as follows: Law enforcement personnel reviewed CUNDIFF's Massachusetts Department of Motor Vehicles photograph and physical and personal descriptors that were associated with prior law enforcement bookings. After CUNDIFF was placed in custody on January 29, 2026, the task force members identified CUNDIFF based on a comparison to those sources of information, and by recording and submitting his fingerprints to a law enforcement database, which identified those prints as associated with CEDRIC CUNDIFF.

10.     One of the task force members (Victim 1) attempting to execute the arrest warrant for CUNDIFF was a New York State Police Investigator who was federally deputized as a USMS Task Force Officer.  Victim 1 placed his/her left hand on the side of the pocket door in an attempt to slide it open. Victim 1 then felt a sensation on his/her hand and heard another member of the task force (TFO 1) yell that CUNDIFF had a knife. Victim 1 observed that the glove he/she was wearing was punctured. Victim 1 removed the glove and observed a cut on the left palm and a slice wound to the pinky finger. Victim 1 then exited the Subject Residence and sought medical assistance.

11.     According to TFO 1, as the task force members were attempting to enter the bedroom via the pocket door, TFO 1 could see CUNDIFF through a crack in the door, and observed Victim 1 place his/her left hand on the side of the door. TFO 1 observed CUNDIFF holding a short-bladed knife and saw the knife hit Victim 1's hand.

12.     Task force members succeeded in opening the bedroom door and apprehending CUNDIFF. CUNDIFF was the only occupant of the room from which he was extracted. Law enforcement observed two knives on the floor just outside the opened pocket door. Those knives are pictured below. The red-handled knife has a red stain on the blade that is consistent with the appearance of blood.





13.     Victim 1 was transported to a hospital for treatment. Medical professionals advised Victim 1 that Victim 1 suffered two lacerations and a fracture to the left hand.

## CONCLUSION

14.     Based on the facts stated above, I respectfully submit that there is probable cause to believe that Cedric E. CUNDIFF has violated Title 18, United States Code, Section 111(a)(1) and (b) (assault on a federal officer).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
John J. Honan
Special Agent
Federal Bureau of Investigation

I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by videoconference on January 30th, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge